# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

LOU WILLIAM VALLAS,                :
                                   :
    Petitioner,               :
                                   : CRIM. ACTION NO. 05-00292-CG
vs.                                :
                                   : CIVIL ACTION NO. 09-00754-CG
UNITED STATES OF AMERICA,          :
                                   :
    Respondent.               :

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner Lou William Vallas' Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Docs. 57, 58), the Government's Response in opposition (Doc. 61), and Petitioner's reply thereto. (Doc. 62). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b) of the Rules Governing Section 2255 Cases and is now ready for consideration.[1] Because the record is adequate to

---

[1] The Honorable United States District Judge Callie V.S. Granade presided over the guilty plea proceedings in this action and imposed the challenged sentence. On November 16, 2009, Judge Granade referred the matter to the Undersigned Magistrate Judge for entry of a Report and Recommendation. The Undersigned has reviewed the Petitioner's motion and related documents, the transcripts of the guilty plea hearing, the sentencing hearing, and all other relevant documents in the Court's file and has fully familiarized herself with the proceedings before Judge Granade. Based upon that review, the Undersigned makes the following report and recommendation.

dispose of this matter, no evidentiary hearing is required.[2] Having carefully reviewed the record, it is recommended that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 57) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Lou William Vallas.    In addition, the Government's pending motion to stay issuance of the Report and Recommendation in anticipation of the rehearing, *en banc*, of Gilbert v. United States, 609 F.3d 1159 (11th Cir. 2010) (Doc. 63) is **DENIED** as **MOOT**.

I.   **Background**.

On October 27, 2005, Lou William Vallas was charged in a single count indictment with knowingly possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). Attorney Susan James was retained to represent Vallas on the charge. (Doc. 7).  On January 12, 2006, James filed a motion to suppress and motion to dismiss on behalf of Vallas alleging that evidence obtained pursuant to a cooperation agreement with Mobile Police

---

[2]   The undersigned finds that an evidentiary hearing would not further the interests of justice or comport with the considerations of judicial economy.   Indeed, no evidentiary hearing is required where a petitioner's claim is "affirmatively contradicted by the record," is capable of resolution based on the existing record, or is "patently frivolous."  Aron v. United States, 291 F.3d 708, 715 (11th Cir. 2002); McNeil v. United States, 2011 WL 3320510, at *7, 2011 U.S. Dist. LEXIS 85083, at *22 (S.D. Ala. Aug. 2, 2011).

Department officers should have been suppressed because officers breached the agreement by moving forward with the federal gun charge. (Docs. 7, 18, 20).  On January 31, 2006, Judge Granade conducted a motion hearing and denied both motions.  (Doc. 34).  On the same day, Vallas, appearing with counsel, entered a plea of guilty to the single count of the indictment, pursuant to an oral plea agreement.  (Doc. 35).

At the sentencing hearing on June 1, 2006, Vallas' attorney, James, made two objections to the sentencing guidelines calculation in the presentence investigation report. Specifically, James argued that: (1) Vallas' base offense level should not be 20 because Vallas' prior escape conviction should not be considered a "crime of violence,"[3] and (2) Vallas' 4 level enhancement based on his use of the firearm in connection with another felony was improper because the gun was not in a place readily accessible to Vallas and was not intended to further his burglary offenses.[4]  (Doc. 53 at 2-8).  Judge Granade rejected

---

[3]  According to the Presentence Investigation Report, on March 1, 2000, Vallas, at that time an inmate at the Loxley Work Release Center, fled from the facility in a state-owned truck. (Doc. 44 at 11, ¶ 39).  Vallas pled guilty to third degree escape in state court in October of 2001. (Id.); Ala. Code, § 13A-10-33 ("A person commits the offense of escape in the third degree if he escapes or attempts to escape from custody.").

[4]  In the Presentence Investigation Report, it was determined that Vallas' total offense level was 23 and his Criminal History
(Continued)

both objections. With respect to the escape felony, Judge
Granade noted that "because the 11th Circuit case law [<u>United
States v. Gay</u>]<sup>5</sup> counts escape as a violent felony for purposes of

———————————

category was VI. (Doc. 44 at 6, 13). Vallas' base offense
level was 20, as determined by U.S.S.G. § 2K2.1(a)(4), the
guideline applicable to a conviction for violation of 18 U.S.C.
§ 922(g)(1), felon-in-possession of a firearm, where the
defendant additionally has one prior felony conviction
constituting a "crime of violence." (<u>Id.</u> at 5). In this
instance, Vallas' prior third degree escape conviction was
counted as a crime of violence. Vallas' base offense level
was also subject to a 2 point enhancement because the firearm was
stolen and a 4 point enhancement due to the use of the firearm
in conjunction with another felony offense. (<u>Id.</u>; <u>see also</u>
U.S.S.G. §§ 2K2.1(b)(4), 2K2.1(b)(5)). Vallas received a 3
point reduction for acceptance of responsibility and timely
notification of his intent to plead guilty. (<u>Id.</u> at 5-6; <u>see
also</u> U.S.S.G. §§ 3E1.1(a),(b)).

<sup>5</sup>   At the sentencing hearing in 2006, Judge Granade based her
ruling on <u>United States v. Gay</u>, 251 F.3d 950, 955 (11th Cir.
2001), which held that a "walk-away" escape from an unsecured
correctional facility qualified as a "crime of violence" under
the career offender guideline because every escape, by its
nature, presented the potential risk of violence. As discussed
herein, three years after Petitioner was sentenced, the United
States Supreme Court held in <u>Chambers v. United States</u>, 555 U.S.
122, 123 (2009), that a conviction for escape based on "failure
to report" for confinement is not a violent crime for purposes
of the analogous Armed Career Criminal Act ("ACCA"). Applying
<u>Chambers</u> in <u>United States v. Lee</u>, 586 F.3d 859, 869 (11th Cir.
2009), the Eleventh Circuit subsequently recognized that
<u>Chambers</u> had "reject[ed] the notion that all escapes are created
equal." Therefore, the court held that a non-violent "walk
away" escape from unsecured custody is not a violent felony
under the ACCA. <u>Lee</u>, 586 F.3d at 874. <u>But see</u> <u>United States v.
Proch</u>, 637 F.3d 1262, 1269 (11th Cir. 2011) (holding that an
escape from "custody" is a violent felony under the ACCA).
Having found herein that Petitioner's claim is not cognizable
and is procedurally defaulted, the Court need not decide whether
(Continued)

the sentencing guidelines, that enhancement is appropriate in this case." (Id. at 2-3). Subsequently, Judge Granade, adopted the presentence investigation report's finding of a total offense level of 23 and a Criminal History category of VI, which resulted in a sentencing guideline range of 92-115 months. (Id. at 10, 25). The Court imposed a sentence of 92 months (seven years and eight months) imprisonment,[6] to be followed by supervised release for a term of three years. (Id. at 35). Judgment was entered in the case on June 2, 2006. (Doc. 45).

On June 12, 2006, James filed a Notice of Appeal on behalf of Vallas. (Doc. 47). On appeal, Petitioner, through counsel, raised the following claims: (1) whether the district court erred in denying Vallas' Motion to Dismiss and Motion to Suppress Evidence; and (2) whether Vallas' sentence of 92 months was reasonable. (Doc. 58 at 4). On February 23, 2007, the Eleventh Circuit Court of Appeals dismissed Vallas' appeal in part and affirmed Vallas' sentence and conviction, finding that: (1) the district court did not err in denying Vallas' motion for suppression and motion to dismiss; and (2) Vallas entered into a

_____

the escape in this case, *i.e.*, fleeing from a work release center in a stolen, state-owned truck, would qualify as a "crime of violence" under the applicable guidelines.

[6] Petitioner faced a maximum statutory penalty of ten years for his conviction under 18 U.S.C. § 922(g)(1). (Doc. 44 at 3).

5

valid verbal sentence-appeal waiver when he pled guilty.[7]  (Doc. 55 at 9; United States v. Vallas, 218 Fed. Appx. 877 (11th Cir. 2007) (unpublished)).

On November 16, 2009, James filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 and Supporting Memorandum on behalf of Vallas.  (Docs. 57, 58). The motion raises a single claim: whether Vallas' sentencing enhancement for a prior felony escape conviction "was imposed in violation of the United States Supreme Court's decision in [Chambers v. United States, 555 U.S. 122 (2009)]," which declared that an escape arising out of a "failure to report for imprisonment" is not a crime of violence under the Armed Career Criminal Act ("ACCA").[8]  (Doc. 58 at 5).

The Government filed a response on May 27, 2010, arguing that: (1) Vallas' claim is a nonconstitutional sentencing claim

---

[7] The Government has declined to argue that the sentencing waiver precluded Vallas' current collateral attack "because in [its] assessment the discussion about it on the record did not adequately address whether it also applied to waive a collateral attack."  (Doc. 61 at 4).

[8] While Chambers analyzed the definition of "violent felony" under the Armed Career Criminal Act, and the instant case concerns the definition of "crime of violence" under U.S.S.G. § 2K2.1(a)(4), the two definitions are "virtually identical." United States v. Alexander, 609 F.3d 1250, 1253 (11th Cir. 2010) (citations omitted).  Therefore, the courts rely on decisions applying the ACCA when considering whether an offense qualifies as a crime of violence under the Sentencing Guidelines.  Id.

which is not cognizable on collateral review; and 2) the claim is procedurally defaulted because it was not raised on direct appeal. (Doc. 61 at 5, 9). Petitioner filed a reply on June 30, 2010, arguing that his failure to raise the escape enhancement issue on direct appeal was the result of ineffective assistance of counsel.[9] (Doc. 62).

On July 8, 2010, the Government filed an "Unopposed Motion to Stay Issuance of Report and Recommendation," in anticipation of the Eleventh Circuit Court of Appeal's rehearing, *en banc*, in Gilbert v. United States, 609 F.3d 1159 (11th Cir. 2010). (Doc. 63). On May 24, 2011, the Government notified the Court of the *en banc* decision in Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011), and reiterated the arguments in its original response.[10] (Doc. 64). Vallas' motion, the Government's response, and Vallas' reply are now before the Court.

---

[9]  Vallas continues to be represented by attorney Susan James, as he has been since his arrest and indictment. Attorney James apparently wishes to assert in these proceedings that her representation was not ineffective because she failed to raise the escape enhancement issue on direct appeal. (Doc. 62 at 1).

[10]  In Gilbert, 640 F.3d 1293, 1295, 1323 (11th Cir. 2011) (*en banc*), after vacating the previous panel decision, the Eleventh Circuit held that a prisoner could not file a petition under 28 U.S.C. § 2241 challenging an error of law in the calculation of his sentence on the basis of a Supreme Court decision released eleven years after he was sentenced. In Gilbert, the prisoner had previously filed a motion under § 2255 and, thus, was barred by § 2255(h) from filing a successive petition to challenge the
(Continued)

II.  <u>ANALYSIS</u>.

As discussed above, Vallas claims that he is entitled to be resentenced based on the Supreme Court's holding in <u>Chambers</u>, which recognized that a prior conviction for escape based on a "failure to report" for penal confinement is not a violent felony within the terms of the ACCA.  Petitioner claims that, given the <u>Chambers'</u> holding, his prior escape conviction[11] from the Loxley Work Release Center no longer qualifies as a "crime of violence" under U.S.S.G. § 2K2.1(a)(4).[12]  (Doc. 58 at 7).

_____

alleged sentencing error.  The Eleventh Circuit held that the savings clause contained in § 2255(e) would not permit the prisoner to challenge his otherwise barred claim in a § 2241 petition.  <u>Id.</u>  The court declined to address whether its decision would have been different if Gilbert's sentence had exceeded the statutory maximum.  The court further declined to address whether Gilbert's claim would have been cognizable in an initial collateral attack under § 2255.  In any event, because of the court's limited holding, the <u>Gilbert</u> decision is not dispositive of the present case.

[11]  As noted above, Petitioner was convicted of third degree escape under <u>Alabama Code</u>, § 13A-10-33 (making it unlawful to escape or attempt to escape from custody), after he fled from a work release center in a stolen Department of Corrections truck.  Because Petitioner's claim is foreclosed on procedural grounds, it is unnecessary for the Court to decide whether this escape would constitute a "crime of violence" under U.S.S.G. § 2K2.1(a).

[12]  At the time of Vallas' sentencing in 2006, this provision was found in subsection (a)(2) of § 2K2.1.  For purposes of clarity, this guideline will be cited herein as U.S.S.G. § 2K2.1(a)(4).

The Government responds, however, that regardless of the potential application of the Chambers decision to Vallas' escape conviction and sentence, the claim is not reviewable because: (1) it is a nonconstitutional sentencing claim which is not cognizable on collateral review; and (2) counsel failed to raise it on direct appeal; therefore, the claim is procedurally defaulted.[13] (Doc. 61 at 5, 9). For the reasons set forth below,

---

[13] Although Vallas filed his petition more than one year after his judgment of conviction became final, the Government concedes that his claim involves a substantive, retroactive change in the law; therefore, the applicable one-year limitations period did not start running until the Chambers decision was released on January 13, 2009. (Doc. 61 at 6); see 28 U.S.C. § 2255(f). According to Respondent, Vallas' Motion to Vacate, which was filed on November 16, 2009, is timely. However, the issue of the retroactive application of Chambers on collateral review has not been decided by the Eleventh Circuit. See Hill v. United States, 2012 WL 1110057, at *4, 2012 U.S. Dist. LEXIS 46708, at *11 (M.D. Fla. Apr. 3, 2012) (recognizing that Chambers "ha[s] not been applied retroactively to post-conviction relief motions.") (citing Baskin v. United States, 2011 WL 794821, at *2, U.S. Dist. LEXIS 25517, at *6 (M.D. Fla. Mar. 1, 2011)); Ramirez v. United States, 2011 WL 3489600, at *2, 2011 U.S. Dist. LEXIS 88121, at *7 (M.D. Fla. Aug. 9, 2011) ("No binding Eleventh Circuit decision requires retroactive application of Chambers to Petitioner's Section 2255 motion and he cites no legal authority to support his contention that Chambers's date is the appropriate trigger for the federal limitation in determining the timeliness of this Section 2255 motion."); Cook v. United States, 2011 WL 5420799, at *5, 2011 U.S. Dist. LEXIS 129824, at *13 (M.D. Fla. Nov. 9, 2011) ("The Eleventh Circuit has yet to determine whether either Begay or Chambers is retroactive."). In any event, having found herein that the petition is due to be denied on other grounds, the Court will assume, without deciding, that Vallas' petition is timely.

the Court agrees with Respondent and finds that Vallas' motion
is due to be denied.

   **A.   Vallas' Claim is not Cognizable on Collateral Review.**

      The  threshold  inquiry  for  the  Court  is  whether  Vallas'
guidelines  miscalculation  claim,  which  is  based  on  the  Supreme
Court's  holding  in  <u>Chambers</u>,  is  cognizable  under  § 2255.[14]   The
Court finds that it is not.

      "A  prisoner  in  federal  custody  may  obtain  relief  under
section  2255  provided:  the  sentence  is  unconstitutional  or  in
violation  of  the  laws  of  the  United  States;  the  court  lacked
jurisdiction  to  impose  the  sentence;  the  sentence  exceeds  the
maximum  penalty  authorized  by  law;  or  the  sentence  is  subject  to
collateral  attack."   <u>Garland  v.  United  States</u>,  837  F.2d  1563,
1565  (11th  Cir.  1988)  (citing  28  U.S.C.  § 2255).   "Courts  have
long  and  consistently  affirmed  that  a  collateral  challenge,  such
as  a  § 2255  motion,  may  not  be  a  surrogate  for  a  direct  appeal."
<u>Lynn</u>,  365  F.3d  at  1232-33  (citing  <u>United  States  v.  Frady</u>,  456

_____

[14]  In  <u>Lynn  v.  United  States</u>,  365  F.3d  1225,  1233  (11th  Cir.
2004),  the  Eleventh  Circuit  recognized  that  "[i]n  many  cases  in
the  past,  this  Court  has  opted  to  address  the  issues  of
procedural  default,  cause,  and  prejudice  .  .  .  without  expressly
addressing  the  threshold  inquiry  of  whether  the  claimed  error  is
even  cognizable  in  a  § 2255  proceeding."   In  the  present  case,
as  in  <u>Lynn</u>,  the  Court  addresses  both  cognizability  and
procedural  default  and  finds  that  Petitioner's  claim  is
precluded on both grounds.

U.S. 152, 165 (1982) (collecting cases)).[15]  "Because collateral review is not a substitute for a direct appeal, the general rules have developed that: (1) a defendant must assert all available claims on direct appeal, Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994); and (2) '[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  Id. (citations, internal quotation marks, and footnote omitted).  "Accordingly, a non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, Frady, 456 U.S. at 165, 102 S. Ct. at 1593, unless the

_____

[15]  Quoting Frady, the Eleventh Circuit explained:

> "When Congress enacted § 2255 in 1948, it simplified the procedure for making a collateral attack on a final judgment entered in a federal criminal case, but it did not purport to modify the basic distinction between direct review and collateral review. It has, of course, long been settled that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment.  The reasons for narrowly limiting the grounds for collateral attack on final judgments are well known and basic to our adversary system of justice."

Lynn, 365 F.3d at 1232 n.13 (quoting Frady, 456 U.S. at 165).

error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice." Id. (citing Stone v. Powell, 428 U.S. 465, 477 n.10 (1976)).

In this action, Vallas claims that the calculation of his base offense level under the guidelines is no longer accurate in light of the Chambers decision because his escape conviction no longer qualifies as a "crime of violence." This is a nonconstitutional claim. See Orso v. United States, 452 Fed. Appx. 912, 913 n.4 (11th Cir. 2012) (unpublished)[16] (addressing petitioner's claim that his conviction for fleeing from the police no longer qualified as a crime of violence under U.S.S.G. § 4B1.1 in light of Begay v. United States, 553 U.S. 137 (2008), and stating: "[a]lthough Orso argues that his sentencing claim is a constitutional claim, we have said that a 'claim that a sentencing guidelines provision was misapplied . . . is not a constitutional claim.  If it were, every guidelines error would

---

[16]  "Pursuant to Eleventh Circuit Rule 36-2, unpublished opinions are not considered binding precedent, but may be cited as persuasive authority."  Lanier Constr., Inc. v. Carbone Props. of Mobile, LLC, 253 Fed. Appx. 861, 865 n.5 (11th Cir. 2007) (unpublished).

be a constitutional violation.'");[17] <u>Burke v. United States</u>, 152 F.3d 1329, 1332 (11th Cir. 1998) ("We thus hold that a claim that the sentence imposed is contrary to a post-sentencing clarifying amendment is a non-constitutional issue that does not provide a basis for collateral relief in the absence of a complete miscarriage of justice.").[18]

In the instant case, Vallas, through counsel, filed a direct appeal.  However, he failed to raise the escape enhancement issue.  Therefore, he is entitled to § 2255 relief on this claim "only if the error '(1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice."  <u>Kerr v. United States</u>, 2012 WL 425792, at *1; 2012 U.S. App. LEXIS 2608, at *3 (11th Cir. Feb. 12, 2012)(unpublished) (quoting <u>Lynn</u>, 365 F.3d at 1232-33).

---

[17]   In <u>Orso</u>, the Eleventh Circuit assumed *arguendo*, that the claim was cognizable and found that it was procedurally defaulted.  <u>Id.</u>, 452 Fed. Appx. at 913 n.4.

[18]   In <u>Burke</u>, the Eleventh Circuit found that the clarifying amendment did not effect a substantive change in the law but, rather, merely provided "persuasive evidence of how the Sentencing Commission originally envisioned application of the relevant guideline."  <u>Id.</u>, 152 F.3d at 1332.  Moreover, the court found that the prisoner had the opportunity to raise the issue on direct appeal and failed to do so.  Under those circumstances, the court concluded that the alleged misapplication of the sentencing guidelines was neither fundamentally unfair, nor "a miscarriage of justice sufficient to form the basis for collateral relief."  <u>Id.</u>, 152 F.3d at 1332.

"A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." Id. (quoting Lynn, 365 F.3d at 1233 n.14).   "[P]erceived futility in raising an issue on direct appeal does not constitute cause for not doing so."  Id.

In Kerr, the Eleventh Circuit recently rejected a § 2255 claim by a federal prisoner who argued that he should be resentenced in light of the Supreme Court's decision in Begay. Kerr failed to file a direct appeal but argued in his § 2255 motion that he was entitled to relief because his prior felony conviction for carrying a concealed firearm no longer qualified as a crime of violence under the guidelines.[19]   The court disagreed, stating:

> Christian Kerr, a federal prisoner, appeals the district court's denial of his pro se 28 U.S.C. § 2255 motion to vacate his 160-month sentence. . . .  Because Kerr raises a non-constitutional issue that he failed to raise on direct appeal, section 2255 relief is available only if the error "(1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice."  See id.

---

[19]  Kerr also asserted that his felony conviction for battery on a law enforcement officer no longer qualified as a crime of violence in light of the Supreme Court's decision in Johnson v. United States, __ U.S. __, 130 S. Ct. 1265 (2010), but the Eleventh Circuit refused to consider the claim because it was not cognizable on collateral review and because it was being raised for the first time on appeal.  Kerr, 2012 U.S. App. LEXIS 2608, at *3.

at 1232-33. "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." Id. at 1233 n.14.

Kerr argues that he could not have challenged his career-offender status on direct appeal because there was no legal authority supporting his argument. But perceived futility in raising an issue on direct appeal does not constitute cause for not doing so. See Smith v. Murray, 106 S. Ct. 2661, 2666 (1986). Indeed, even though the decisions in Begay, Archer, and Johnson were unavailable when Kerr was sentenced in 2001, he could have argued on appeal that his career-offender status was improper-- just as Begay, Archer, and Johnson did. Because Kerr could have raised this claim on direct appeal but failed to do so, his claim is not cognizable now on collateral review under section 2255.

Kerr, 2012 WL 425792, at *1; 2012 U.S. App. LEXIS 2608, at *3 (11th Cir. Feb. 12, 2012)(unpublished).

The Eleventh Circuit's recent decision in Kerr forecloses Vallas' § 2255 claim. Although the Chambers decision was unavailable when Vallas was sentenced in 2006, he could have argued on direct appeal that his third degree escape conviction did not constitute a crime of violence under the applicable guidelines, just as he did at his sentencing hearing before Judge Granade. (Doc. 53 at 2-3). The fact that he failed to reassert the issue in his direct appeal does not make the ground of error unavailable on direct appeal. See Kerr, 2012 WL 425792, at *1; 2012 U.S. App. LEXIS 2608, at *3.

15

Moreover, Vallas has not shown that the alleged sentencing error so "seriously undermine[d] the validity of [his] criminal proceedings" that it would, if condoned, constitute a miscarriage of justice. Ayuso v. United States, 361 Fed. Appx. 988, 991 (11th Cir. 2010) (unpublished) (petitioner's claim that the calculation of his criminal points under the guidelines was no longer correct because one of his state convictions was vacated after he was sentenced did not constitute a constitutional error and did not "implicate[] a fundamental defect in the validity of the district court proceedings" so as to rise to the level of a "miscarriage of justice."). Errors that seriously undermine the validity of criminal proceedings so as to constitute a miscarriage of justice include a prisoner's claim that he was convicted for an act that the law did not make criminal, see Davis v. United States, 417 U.S. 333, 346-47 (1974), and a prisoner's claim that his sentence was imposed outside of the prisoner's or counsel's presence, see United States v. Behrens, 375 U.S. 162, 164-66 (1963).

As discussed above, Vallas was well aware of the argument that his escape conviction did not constitute a crime of violence under the guidelines because he made that argument at his sentencing hearing. Vallas simply abandoned the claim on direct appeal. Furthermore, even with the alleged guidelines

16

calculation error, Vallas received a sentence of 92 months (seven years and eight months), which was at the very bottom of the allegedly erroneous advisory guideline range calculated at the time of his sentencing and was, in any event, well within the maximum statutory penalty of ten years for his conviction. (Doc. 53 at 31, 35; Doc. 44 at 16). Under these circumstances, the alleged nonconstitutional sentencing error does not rise to the level of a complete miscarriage of justice; therefore, Vallas' claim is not cognizable now on collateral review under § 2255. See also Grant v. United States, 72 F.3d 503, 506 (6th Cir. 1996) ("nonconstitutional errors, such as mistakes in the application of the sentencing guidelines, will rarely, if ever, warrant relief" on collateral review).

Based on the foregoing, Vallas' claim is not cognizable under § 2255 and is due to be denied.

**B.  Vallas' Claim is procedurally defaulted.**

In addition to the foregoing, assuming *arguendo*, that Vallas' claim is cognizable on collateral review, the claim is procedurally defaulted. As discussed above, collateral relief is an extraordinary remedy which "may not do service for a[] [direct] appeal." Frady, 456 U.S. at 165. A Petitioner who has waived or exhausted his right to appeal is presumed to stand "fairly and finally convicted." Id. at 164.

"Under the procedural default rule, 'a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding.'"  McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011) (quoting Lynn, 365 F.3d at 1234).  "As the Supreme Court has explained, this rule 'is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments.'"  Id. (quoting Massaro v. United States, 538 U.S. 500, 504 (2003)).

In the present action, it is undisputed that Vallas procedurally defaulted his claim related to the escape enhancement issue.[20]  Therefore, his procedural default can be excused only if one of the two exceptions to the procedural default rule applies.

---

[20]   On direct appeal, as to his sentencing claim, Vallas argued only that his sentence was "unreasonable" because it was "excessive" and because the facts used to support the sentencing enhancements were "not reflected in a jury's verdict beyond a reasonable doubt or admitted by the Defendant at the change of plea."  Brief of Appellant at 20, United States v. Vallas, 218 Fed. Appx. 877 (2007) (unpublished).   The Eleventh Circuit refused to consider any of the arguments related to Vallas' sentence, finding that the claims were precluded by a valid, enforceable appeal waiver.  Vallas, 218 Fed. Appx. at 880.  Vallas acknowledges herein that he did not raise the escape enhancement issue on direct appeal, nor did he argue that his sentence was unreasonable on that basis.  (Doc. 62 at 1, 3).

"Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error." Lynn, 365 F.3d at 1234 (citations omitted) (emphasis in original).  "Under the second exception, a court may allow a defendant to proceed with a § 2255 motion despite his failure to show cause for procedural default if "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Id. (citations omitted).  "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

With respect to the first exception, Vallas cannot show cause and prejudice to excuse the procedural default of his claim.  In his reply, Vallas asserts for the first time in this proceeding that his counsel's ineffective assistance in failing to raise the escape enhancement issue on direct appeal constitutes cause for his default.  (Doc. 62 at 1).  As discussed above, the record shows that Vallas' counsel, Susan James, objected at his sentencing hearing on June 1, 2006, that his prior escape conviction should not be considered a "crime of violence" for purposes of the sentencing guidelines.  (Doc. 53 at 2-8, 24).  At that time, this Court rejected the argument on the basis of Gay, 251 F.3d at 955, which stated unequivocally

19

that every escape "present[s] the potential risk of violence." Therefore, this Court held that Vallas' escape conviction qualified as a "crime of violence" under the guidelines.

Although James also represented Vallas in his direct appeal, she did not raise the escape enhancement issue again. While a meritorious claim of ineffective assistance of counsel can constitute cause to excuse procedural default, see United States v. Nyhuis, 211 F. 3d 1340, 1344 (11th Cir. 2000), James' failure to reassert this claim did not constitute ineffective assistance of counsel under the circumstances of this case.

In order to prove ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that he was prejudiced as a result. Strickland v. Washington, 466 U.S. 668, 687 (1984). "'For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence.'" Dubose v. United States, 2007 WL 57090, at *1; 2007 U.S. App. LEXIS 400, at *3 (11th Cir. Jan. 9, 2007) (unpublished) (quoting Putman v. Head, 268 F.3d 1223, 1243 (11th Cir. 2001)). In such cases, the Court asks only "whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted." Id. (quoting White v. Singletary, 972 F.2d 1218, 1220 (11th Cir. 1992)). This inquiry

is objective, and the reasonableness of counsel's performance must be evaluated from counsel's perspective at the time. Id. (citing Chandler v. United States, 218 F.3d 1305, 1315-16 (11th Cir. 2000)). "'[B]ecause counsel's conduct is presumed reasonable, for a petitioner to show that the conduct was unreasonable, a petitioner must establish that no competent counsel would have taken the action that his counsel did take.'" Id. (quoting Chandler, 218 F.3d at 1315).

The Eleventh Circuit "ha[s] held many times that '[r]easonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop.'" Id. (quoting Spaziano v. Singletary, 36 F.3d 1028, 1039 (11th Cir. 1994)). "'To be effective within the bounds set by Strickland, an attorney need not anticipate changes in the law." Id. (quoting Jackson v. Herring, 42 F.3d 1350, 1359 (11th Cir. 1995)). Similarly, counsel is not required to pursue claims "which he reasonably believes to be of questionable merit." Id. (citations and internal quotation marks omitted).

Because the controlling precedent in this Circuit at the time of Vallas' direct appeal in 2006 held that an escape conviction was a crime of violence under the guidelines, counsel's failure to reassert on appeal an argument contrary to

Circuit law does not constitute ineffective assistance of counsel.[21]   See Smith v. United States, 2011 WL 4435082, at *3, 2011 U.S. Dist. LEXIS 108881, at *8 (M.D. Fla. Sept. 23, 2011) ("[a]n attorney . . . is not constitutionally ineffective for failing to assert an argument that binding Circuit Court precedent foreclosed at that time.").

Moreover, with respect to the "actual innocence" exception to the procedural default rule, the Eleventh Circuit has squarely rejected the idea that a prisoner is "actually innocent" of his sentence because the sentence was based, in part, on an enhancement that is subsequently declared to no longer apply.  In McKay, 657 F.3d at 1199, a prisoner filed a motion to vacate his sentence under 28 U.S.C. § 2255, and made the nonconstitutional argument that he was erroneously sentenced as a career offender because, in light of the Begay decision, his prior conviction for carrying a concealed weapon no longer qualified as a "crime of violence."  McKay argued that he was

---

[21]  In retrospect, counsel's decision not to pursue Vallas' seemingly futile claim on direct appeal may be viewed as a misstep given that "perceived futility in raising an issue on direct appeal does not constitute cause for not doing so." United States v. Coley, 336 Fed. Appx. 933, 936 (11th Cir. 2009) (unpublished).  However, given the then-existing state of the law as set forth in Gay, counsel's action was in no way "outside the wide range of professional competence."  Dubose, 2007 U.S. App. LEXIS 400, at *3 (citations omitted). Therefore, counsel's performance, which was not deficient, does not satisfy the cause exception to the procedural bar.

entitled to § 2255 relief because he was "actually innocent" of his career offender sentence.  The court rejected the argument, stating:

> The actual innocence exception has been applied in two distinct contexts: first, in the face of a claim of actual innocence of the crime of conviction and, second, in the face of a claim of actual innocence of a sentence. . . . Neither the Supreme Court nor this Court has yet ruled on whether . . . [the] actual innocence of sentence exception extends to the noncapital sentencing context. . . . Despite the lack of binding precedent on this question, the Supreme Court and this Court have articulated several principles that guide our resolution of this case.  First, and most importantly, for purposes of the actual innocence exception, "'actual innocence' means *factual* innocence, not mere legal insufficiency."  . . .
>
> Second, as it has been repeatedly emphasized, the actual innocence exception is a *narrow* exception.  . . .  Indeed, the very reason the miscarriage of justice exception was linked to a movant's actual innocence was to ensure that this exception "would remain 'rare' and would only be applied in the '*extraordinary* case.'"
>
> Third, as the Supreme Court has specifically instructed, we must exercise restraint when determining whether to expand the exceptions to the procedural default rule. . . .
>
> With these principles in mind, we face the question of whether the actual innocence of sentence exception applies to McKay's claim that he was erroneously sentenced as a career offender because one of his prior convictions does not qualify as a "crime of

23

> violence." To answer this question, we need
> not enter the debate regarding whether the
> actual innocence exception extends to the
> noncapital sentencing context. Even
> assuming that this exception does extend
> beyond the capital sentencing context, it
> still does not apply to McKay because his
> claim is one of legal, rather than factual,
> innocence and thus fails to fall within the
> actual innocence exception's purview. . . .
>
> [F]or the actual innocence exception to
> apply in the noncapital sentencing context,
> a movant must show that he is *factually*
> innocent of the conduct or underlying crime
> that serves as the predicate for the
> enhanced sentence. In other words, a claim
> of mere *legal* innocence of a sentence would
> not win the day. . . .

McKay, 657 F.3d at 1198 -1200 (citations and footnotes omitted)

(emphasis in original).

In the present case, Vallas does not claim that he did not

actually commit the prior offense for which he was convicted and

which served to enhance his sentence. In fact, he admits that

he escaped from the Loxley Work Release Center after stealing a

Department of Corrections truck. (Doc. 53 at 24, 31, 33). His

argument is simply that his escape conviction should not be

classified as a "crime of violence" for purposes of setting his

base offense level under the guidelines. That argument does not

fall within the actual innocence exception to the procedural

default bar. See McKay, 657 F.3d at 1199.

24

Based on the foregoing, Vallas' claim is procedurally defaulted and is due to be denied.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied.  28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability.  28 U.S.C. § 2253(c)(1).  A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where a habeas petition is being denied, in part, on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Vallas' claim does not warrant the issuance of a certificate of appealability in this case. For the reasons discussed above, Vallas' sentencing claim is not cognizable on review and is procedurally defaulted because he failed to raise it on appeal. Under the circumstances, a reasonable jurist could not conclude that this Court is in error in invoking these procedural bars with respect to these claims. See Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). It is thus recommended that the Court deny any request for a certificate of appealability.

## III. **Conclusion**.

For the foregoing reasons, it is recommended that Vallas' § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 57) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Lou William Vallas. In addition, the Government's pending motion to stay issuance of the Report and Recommendation (Doc. 63) is **DENIED** as **MOOT**.

The undersigned Magistrate Judge is of the opinion that Vallas is not entitled to issuance of a certificate of appealability nor leave to appeal *in forma pauperis*. It is so recommended.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this **7th** day of **June, 2012.**

**_____/s/ SONJA F. BIVINS_____**
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.   *Objection*.   Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.   Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.   See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).   The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[22] after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.   Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[22] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"   Fed. R. Civ. P. 72(b)(2).

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   ***Transcript (applicable Where Proceedings Tape Recorded).*** Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.   Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.